UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
NATIONAL INTEGRATED GROUP PENSION
PLAN and BOARD OF TRUSTEES OF THE
NATIONAL INTEGRATED GROUP PENSION
PLAN,

                        Plaintiffs,                  **MEMORANDUM & ORDER**
                                                                                   11-CV-3652 (MKB)
                        v.

DUNHILL FOOD EQUIPMENT CORP.,
ESQUIRE MECHANICAL CORP., GEOFFREY
THAW, SANFORD ASSOCIATES, and
CUSTOM STAINLESS, INC.,

                        Defendants.
-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs National Integrated Group Pension Plan (the "Plan") and the Board of Trustees of the Plan commenced this action on July 28, 2011, pursuant to the Employee Retirement Income Security Act ("ERISA") to collect a sum of withdrawal liability against Defendants Dunhill Food Equipment Corporation ("Dunhill"), Esquire Manufacturing, Inc. ("Esquire"), Geoffrey Thaw, Sanford Associates ("Sanford") and Custom Stainless, Inc. ("Custom"). (Docket Entry No. 1.) On April 3, 2013, the Court granted Plaintiffs' motion for summary judgment in part, awarding the full amount of withdrawal liability, reasonable attorneys' fees and costs, interest and liquidated damages against Dunhill, Esquire and Thaw, jointly and severally, and dismissing the claims against Sanford and Custom. (Docket Entry No. 60 at 2 ("Summary Judgment Order").) On April 17, 2013, Plaintiffs moved for attorneys' fees and costs, (Docket Entry No. 62), and on May 7, 2013, the Court referred the motion to Magistrate Judge Cheryl L. Pollak for a report and recommendation, (Order dated May 7, 2013). On January 6, 2014, Judge

Pollak filed a report and recommendation recommending that the Court award Plaintiffs $76,092.94 in attorneys' fees and costs, and reserving decision as to fees for counsel from Meyer, Suozzi, English & Klein, P.C. ("Meyer Souzzi"), as to whom additional information was needed. (Docket Entry No. 73 ("R&R").) No objections to the R&R were filed by the January 23, 2014 deadline. (*See* Docket Entry No. 73, "Objections to R&R due by 1/23/2014.") On January 30, 2014, after receiving the additional information concerning Meyer Souzzi, Judge Pollak issued a supplemental report and recommendation recommending that the Court award Plaintiffs an additional $12,306 in attorneys' fees for the work of Meyer Souzzi. (Docket Entry No. 76 ("Supplemental R&R").) On February 11, 2014, Defendants filed objections. (Docket Entry No. 77.) Plaintiffs filed a response to Defendants' objections on February 25, 2014. (Docket Entry No. 78.) For the reasons set forth below, the R&R and Supplemental R&R are adopted in their entirety.

## I. Background

The Court assumes familiarity with the background of this case, which is set forth in detail in the Summary Judgment Order and in Judge Pollak's R&R. Only the facts necessary for deciding this motion are set forth below.

### a. Plaintiffs' Motion for Fees and Costs

Following the Court's Summary Judgment Order, Plaintiffs submitted a request for fees and costs in the amount of $95,609.84. (Pl. Mem. 1.) This amount consisted of $72,060 in attorneys' fees to reimburse Plaintiffs for fees paid to lead counsel Bredhoff & Kaiser PLLC ("Bredhoff Firm"); $12,306 in attorneys' fees to reimburse Plaintiffs for fees paid to local counsel Meyer Suozzi; $523 in expenses for filing fees ($415) and service of process ($108); $9,561.35 in Westlaw legal research fees; and $1,159.49 in transcription fees for the deposition of Thaw. (*Id.* at 2–3.)

Defendants sought a reduction of the requested fees and costs. Defendants argued that the fees and costs should be reduced because the Court dismissed some of Plaintiffs' claims, the Plaintiffs' attorneys used an inflated billing methodology, and the amount of fees and costs assessed against Thaw were inequitably high. (Def. Mem. 2.) Defendants also argued that Plaintiffs should have used the statutory rate of 3.2% to calculate interest for the proposed judgment instead of the 5.25% interest rate used by Plaintiffs. (*Id.* at 6.)

### b. The R&R

Judge Pollak found that the blended rate of $210 requested for attorneys from the Bredhoff Firm was reasonable in light their experience and the rates for ERISA attorneys in the Eastern District of New York, and reduced the rate for paralegal services to $75 based on prevailing rates in the Eastern District of New York.[1] (R&R 10–11.) Judge Pollak also found that the number of hours requested by the Bredhoff Firm was reasonable in light of the litigation required. (*Id.* at 12–14.) Defendants argued that because Plaintiffs pursued two different legal theories, only one of which was successful, Plaintiffs' fees should be reduced by 50%. (*Id.* at 14; Def. Mem 3.) Judge Pollak considered the arguments of the parties and concluded that it was appropriate to instead reduce the fees awarded to Plaintiffs by reducing the portion of the fees billed for the summary judgment motion in proportion to the amount of time devoted to the unsuccessful claims by looking at the number of pages of the summary judgment motion devoted to these claims. (R&R 15.)

Defendants also argued that Plaintiffs' request for fees should be reduced because Plaintiffs billed in quarter-hour increments for some, but not all, time entries, rather than

---

[1] In light of Plaintiffs' failure to provide information regarding the qualifications of local counsel Meyer Suozzi, Judge Pollak reserved decision as to the fees sought for Meyer Suozzi pending the submission of additional information. (R&R 11.)

exclusively in tenth-of-an-hour increments. (*Id.* at 16.) Judge Pollak reviewed the billing records submitted by Plaintiffs and concluded that only a few entries were potentially excessive, and those entries had little impact on the total fees. (*Id.* at 17–18.) Judge Pollak recommended not reducing the fee award for the quarter-hour billing. (*Id.* at 18.)

Defendants argued that the Court should exercise its equitable discretion to reduce the amount of fees owed by Thaw because Thaw was not found statutorily liable pursuant to ERISA. (Def. Mem. 5.) Defendants contended that because Thaw was found liable under a veil piercing theory based on his use of Dunhill corporate assets to pay personal expenses, and Dunhill has been reimbursed for all but $64,000 at most, an award of $96,000 in fees "is simply too much and should be adjusted downwards." (*Id.* at 6.) Judge Pollak found that Defendants did not provide any authority to support their theory that a reduction should be afforded to Thaw. (R&R 19.) She noted that once the corporate veil has been pierced, the debts of the corporation flow to the owner, and Thaw was the sole officer and director of Dunhill and "he was, in essence, the corporations." (*Id.*) Judge Pollak held that Defendants' "novel" theory of "partial veil piercing . . . defeats the entire purpose of veil piercing, which is to impose liability on the true parties in interest." (*Id.*) Judge Pollak recommended that "given the mandate under ERISA to the Plan's trustees to collect fees and costs in enforcement actions, imposing the full amount on Thaw to be held jointly and severally liable with the other defendants is not required but is in conformity with equitable principles." (*Id.*)

Defendants argued that the calculation of interest in Plaintiffs' proposed judgment was erroneous. Defendants argued that the 3.2% federal short term interest rate should apply, rather than the 5.25% requested by Plaintiffs, which was based on an expired collective bargaining agreement. (Def. Mem. 6.) Plaintiffs argued that Defendants' challenge to the 5.25% interest rate was untimely, as it was addressed in Plaintiffs' summary judgment motion decided on

4

April 3, 2013, and in any event, under Section 1132(g)(2) of ERISA, the interest rate on unpaid contributions is calculated using the rate provided under the plan, and only requires the use of the rate provided under Section 6621 of Title 26 if no rate is provided in the plan. (Pl. Reply 7.) Judge Pollak found that Defendants' challenge to the interest rate was untimely and any objections should have been raised in a motion for reconsideration of the Summary Judgment Order, as the method for calculating interest and the amount calculated according to the Plan was presented to this Court during the motion for summary judgment and Defendants did not dispute it at that time. (R&R 21.) Defendants did not object to Plaintiffs' request for costs, and Judge Pollak found Plaintiffs' costs to be reasonable and reimbursable.

### c. The Supplemental R&R

After receiving submissions by Plaintiffs concerning the qualifications of local counsel Meyer Suozzi, Judge Pollak issued a Supplemental R&R addressing the award of fees sought for Meyer Suozzi. Judge Pollak found that the blended rate of $210 requested was reasonable based on the background and experience of Meyer Suozzi's attorneys, and in light of customary rates awarded in this district. (Supplemental R&R 2–3.) Judge Pollak also found that, based on the contemporaneous time records provided, the number of hours expended was reasonable. (*Id.* at 3.) Judge Pollak therefore recommended an additional award of $12,306 in attorneys' fees for the work performed by Meyer Suozzi. (*Id.*)

### d. Defendants Objections and Plaintiffs' Response

Objections to the R&R were due on or before January 23, 2014. (*See* Docket Entry No. 73, "Objections to R&R due by 1/23/2014.") No objections were filed. Objections to the Supplemental R&R were due on or before February 18, 2014. (*See* Docket Entry No. 76, "Objections to R&R due by 2/18/2014.") On February 11, 2014, Defendants filed objections. (Docket Entry No. 77 ("Objections").) Defendants raised the same arguments in their Objections

5

that they raised in opposition to the motion for fees. Defendants argued that (1) "Judge Pollak failed to make sufficient downward adjustments to the counsel fees sought by the Plaintiffs, based on the fact that Plaintiffs were not successful in a major portion of their case," (2) "there should be an appropriate deduction from the Bredhoff firm's time for billing in quarter hour increments, instead of the more standard tenths of an hour," (3) "since the judgment that was granted to Plaintiffs was predicated on the equitable theory of veil piercing, Mr. Thaw respectfully submits that the legal fees and other charges are disproportionate to the actual shortfall in the credit card charges, which, in reality, aggregate between $9,000 and $64,000, and should be reduced accordingly," and (4) for "the calculation of interest . . . in the proposed judgment, . . . the interest rate provided in Section 1132(g) of ERISA should be applied rather than the Plan provisions, as the underlying collective bargaining agreement expired in 2008, several months prior to the withdrawal liability being incurred." (*Id.* at 2.)

On February 25, 2014, Plaintiffs filed a response to Defendants' objections. (Docket Entry No. 78.) Plaintiffs argued that Defendants' objections which focused solely on the R&R and did not challenge any aspect of the Supplemental R&R, were untimely. (*Id.* at 3.) Plaintiffs also argued that the Court should review the R&R for clear error, because Defendants made only "conclusory or general objections, or simply reiterate[d] [their] original arguments." (*Id.* at 2 (quoting *4 B's Realty 1530 CR39, LLC v. Toscano*, 818 F. Supp. 2d 654, 659 (E.D.N.Y. 2011).) Plaintiffs assert that the R&R and Supplemental R&R are not clearly erroneous. (*Id.* at 3.)

## II. Discussion

### a. Standard of Review

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation

6

within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); *see also Larocco v. Jackson*, No. 10-CV-1651, 2010 WL 5068006, at *2 (E.D.N.Y. Dec. 6, 2010). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. 28 U.S.C. § 636(b)(1)(C); *see also Larocco*, 2010 WL 5068006, at *2. The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates its original arguments. *See Rahman v. Fischer*, No. 10-CV-1496, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error." (citations omitted)); *Time Square Foods Imports LLC v. Philbin*, No. 12-CV-9101, 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (clearly erroneous standard applies when party reiterates

7

arguments made to the magistrate judge); *Black v. Graham*, No. 11-CV-1495, 2014 WL 496878, at *1 (S.D.N.Y. Feb. 4, 2014) (same); *Fonseca v. Colvin*, No. 12-CV-5527, 2014 WL 297488, at *2 (S.D.N.Y. Jan. 28, 2014) (same); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *1 (N.D.N.Y. Jan. 22, 2014) (same); *Ramos v. Superintendent, Sing Sing Corr. Facility*, No. 11-CV-4929, 2014 WL 243148, at *1 (S.D.N.Y. Jan. 22, 2014) (same); *Bravo v. Unger*, No. 10-CV-5659, 2014 WL 201472, at *1 (S.D.N.Y. Jan. 16, 2014) (same); *Best v. City of New York*, No. 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014) (same); *Vorcom Internet Servs., Inc. v. L&H Eng'g & Design LLC*, No. 12-CV-2049, 2014 WL 116130, at *1 (S.D.N.Y. Jan. 13, 2014) (same); *Ogunbayo v. City of New York*, No. 12-CV-428, 2014 WL 60009, at *3 (E.D.N.Y. Jan. 7, 2014) (same); *Jones v. Smith*, No. 09-CV-6497, 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (same) (collecting cases).

### b. Defendants' Objections

Defendants object to the recommendations of Judge Pollak on four grounds: (1) Judge Pollak's recommended reduction in fees for unsuccessful claims is insufficient; (2) Judge Pollak should have recommended a reduction in the Bredhoff's firm's time for quarter-hour billing; (3) equity requires that the fees against Thaw be reduced; (4) a different interest rate should apply to the judgment. (Objections 2.) Each ground for objection concerns a recommendation made by Judge Pollak in her January 6, 2014 R&R. (*See* R&R 15 (recommending reduction in total fees billed for Defendants' summary judgment motion in proportion to the amount of Defendants' motion that was dedicated to the unsuccessful claims, a reduction of $6,863.00); *id.* at 18 (recommending not reducing the fee award for quarter-hour billing); *id.* at 19 (recommending not reducing the fees against Thaw); *id.* at 21 (recommending that Defendants' arguments concerning the interest rate be found untimely).) Objections to Judge Pollak's

January 6, 2014 R&R were due by January 23, 2014, and therefore Defendants' February 11, 2014 objections are untimely as to Judge Pollak's recommendations in the R&R. Defendants have accordingly waived review as to the recommendations in the R&R. *Wagner & Wagner*, 596 F.3d at 92. In addition, Defendants' objections are merely a reiteration of the arguments made by Defendants to Judge Pollak in opposition to the motion for fees. Defendants make no objections to Judge Pollak's Supplemental R&R.

### III. Conclusion

Having considered Magistrate Judge Pollak's R&R and Supplemental R&R and the accompanying objections, and, finding no clear error, the Court adopts Judge Pollak's R&R and Supplemental R&R in their entirety. Plaintiffs are awarded $71,215.00 in attorneys' fees ($65,772.00 in fees the work of the Bredhoff Firm, $12,306 in attorneys' fees for the work of Meyer Suozzi, and a $6,863.00 deduction for unsuccessful claims), $5,940.00 in fees for paralegal assistants and law clerks at the Bredhoff Firm, and $11,243.84 in costs.

The Clerk of the Court is directed to enter judgment in favor of Plaintiffs against Defendants Dunhill, Esquire and Thaw, jointly and severally, for withdrawal liability in the amount of $621,512.75, liquidated damages in the amount of $124,302.55, interest accruing at the rate of 5.25% from Defendants' May 24, 2010 default, fees in the amount of $77,155.00 and $11,243.84 in costs. The Clerk of the Court is directed to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 6, 2014
      Brooklyn, New York